

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 8 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 19-0187-FLA |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | [Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)] |
| AMARIE STACEY NICASIO, | |
| Defendant. | |

I.

On January 24, 2025, Defendant Amarie Stacey Nicasio made her initial appearance on the petition for revocation of supervised release and warrant for arrest issued on January 23, 2025. Deputy Federal Public Defender ("DFPD") James Threatt specially appeared for DFPD Charles Snyder who was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Thi Ho. At Defendant's request, a detention hearing was continued to January 28, 2025 and held on that date.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.   ☒   Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- ☒ the petition alleges that Defendant failed to report to her Probation Officer the contacts she had with law enforcement, (LAPD on September 14, 2023, and Redondo Beach Police Department on September 17, 2023), within 72 hours of such contact as instructed, and Defendant used marijuana on October 11, 2023.
- ☒ poor history of compliance while on supervised release, including failure to report to the probation office as instructed until October 25, 2024, after which her whereabouts were unknown.
- ☒ failed to appear for preliminary revocation of supervised release hearing on October 20, 2023

B.   ☒   Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- ☒ allegations in the petition (see above);
- ☒ criminal history includes conviction for burglary (2015), revocation of parole (2019), conviction for felon in possession of firearm (2019) for which a petition for revocation of supervised release was issued in October 2023, and arrest for carjacking and robbery (September 2023).

☒ mental health history.

### III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: January 28, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE